***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted April 19, reversed and remanded as to claim against
defendant Nunsheen Ava Bakhtiar, otherwise affirmed May 17, 2023

Junki YOSHIDA,
an individual,
*Plaintiff-Appellant,*

*v.*

Samuel WATSON et al.,
*Defendants,*
*and*

Gabriel WATSON,
an individual, and
Nunsheen Ava Bakhtiar,
an individual,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV55546; A176369

Stephen K. Bushong, Judge.

Keith A. Pitt argued the cause for appellant. Also on the briefs were Joseph M. Mabe and Slinde Nelson.

Michael R. Seidl argued the cause for respondents. Also on the brief was Seidl Law Office PC.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded as to claim against defendant Nunsheen Ava Bakhtiar; otherwise affirmed.

**KAMINS, J.**

Plaintiff Junki Yoshida brought an action pursuant to the Uniform Fraudulent Transfers Act (UFTA), ORS 95.200 to 95.310, against defendants Nunsheen Ava Bakhtiar and Gabriel Watson, among others, alleging that debtor Samuel Watson fraudulently transferred some of his assets to them.[1] Yoshida appeals two limited judgments of dismissal, entered after the trial court granted summary judgment for Bakhtiar and Gabriel, assigning four errors.[2] We reverse and remand the judgment as to Bakhtiar in part, and otherwise affirm.

Yoshida first assigns error to the trial court's grant of summary judgment for Bakhtiar. Yoshida's complaint alleged that Samuel fraudulently transferred some of his assets to Bakhtiar by paying for a new truck but titling it in her name. The trial court reasoned that Yoshida failed to allege the "transfer" of an "asset," because the truck never belonged to the debtor (Samuel). *See* ORS 95.200(2) ("'Asset' means property of a debtor[.]"). However, ORS 95.200(12) defines "transfer" as "every mode, direct *or indirect*, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes a payment of money, a release, a lease and the creation of a lien or encumbrance" (emphasis added). Viewing the facts in the light most favorable to Yoshida, there is a genuine question as to whether Samuel indirectly transferred some of his assets to Bakhtiar without receiving reasonably equivalent value in return by paying money to the dealership and directing that the proceeds of that money—the truck—be titled in her name. The trial court therefore erred in granting summary judgment to Bakhtiar as to the claim about the truck. The trial court did not err, however, in concluding that the complaint "contains no other sufficiently non-conclusory allegations" against Bakhtiar.

Yoshida's third assignment of error contends that the trial court erred in granting summary judgment to

---

[1] Gabriel and Samuel Watson are brothers; for clarity, this opinion refers to them by their first names.

[2] The order on summary judgment and limited judgments were issued by different judges.

Gabriel. The court did not so err, because the only transfer alleged in the complaint was of a property as to which there was no genuine dispute that liens on that property exceeded its value. *See* ORS 95.200(2)(a) ("'Asset' * * * does not include [ ] [p]roperty to the extent that it is encumbered by a valid lien[.]").

Yoshida's second and fourth assignments of error argue that the trial court abused its discretion in ruling on defendants' summary judgment motions rather than waiting for more discovery to be completed, pursuant to ORCP 47 F.[3] Having reviewed the record, we conclude that the court did not abuse its discretion.[3]

Reversed and remanded as to claim against defendant Nunsheen Ava Bakhtiar; otherwise affirmed.

---

[3] ORCP 47 F provides:

"Should it appear from the affidavits or declarations of a party opposing the motion [for summary judgment] that the party cannot, for reasons stated, present by affidavit or declaration facts essential to justify the opposition of that party, the court may deny the motion or may order a continuance to permit affidavits or declarations to be obtained or depositions to be taken or discovery to be had, or may make any other order as is just."